# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-1155

_____

United States of America,     *
                                    *

         Plaintiff – Appellee,    *

                                    *    Appeal from the United States

      v.                             *    District Court for the Northern

                                    *    District of Iowa.

Jermaine Harris,                 *

                                    *    [PUBLISHED]

                                    *

        Defendant – Appellant.    *

_____

Submitted: June 8, 2009
Filed: June 12, 2009
_____

Before MURPHY, ARNOLD, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

      In 1999 Jermaine Harris was convicted by a jury on charges of distribution and possession of cocaine base in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(c) & 844, and was sentenced to 292 months. After the United States Sentencing Commission made retroactive its amendment to the sentencing guideline for crack cocaine, the district court[1] reduced Harris's sentence to 235 months. Harris appeals, arguing that

_____

      [1]The Honorable Mark W. Bennett, United States District Judge for the Northern District of Iowa.

the district court erred by refusing to appoint counsel to represent him during the proceedings and by denying his request for a hearing.  We affirm.

In 2007 the United States Sentencing Commission revised the guideline for crack offenders to reduce the base offense level applicable for the quantity of cocaine base by two levels.  U.S.S.G. app. C, amend. 706 (2008). The Sentencing Commission made that amendment retroactive, which enables defendants who were sentenced under the previous cocaine base guideline to seek a modification of their sentences under 18 U.S.C. § 3582(c)(2).

In 2007 the district court notified Harris that his sentence would be reevaluated based on the amended guideline.  Harris moved for appointment of counsel, which the district court denied.  In a preliminary order the district court stated that it would reduce Harris's sentence to 235 months, which was the low end of the amended guideline range and the maximum reduction permitted by U.S.S.G. § 1B1.10.  The district court also explained that United States v. Booker, 543 U.S. 220 (2005), did not apply to proceedings under § 3582(c)(2) so a full resentencing was not appropriate, but allowed twenty days for the parties to file objections.  Harris then renewed his request for appointment of counsel, requested additional time to prepare objections, and requested a hearing.  The district court entered the final order reducing Harris's sentence on January 5, 2009 and denied his motions, noting that it lacked discretion to impose any sentence lower than 235 months.

Harris contends that he had constitutional and statutory rights to the appointment of counsel for his § 3582(c)(2) proceedings.  We review for abuse of discretion a court's decision regarding appointment of counsel.  Williams v. Groose, 979 F.2d 1335, 1337 (8th Cir. 1992) (per curiam).  The Supreme Court has held that the Sixth Amendment right to counsel does not extend beyond the first appeal.  Coleman v. Thompson, 501 U.S. 722, 756 (1991), and we agree with the six circuits that have held that there is no right to appointed counsel in sentence modification

proceedings under § 3582(c). <u>See</u> <u>United States v. Young</u>, 555 F.3d 611, 615 (7th Cir. 2009); <u>United States v. Olden</u>, No. 08-5060, 2008 WL 4596336, *3 (10th Cir. Oct. 15, 2008) (unpublished); <u>United States v. Legree</u>, 205 F.3d 724, 730 (4th Cir. 2000); <u>United States v. Townsend</u>, 98 F.3d 510, 512–13 (9th Cir. 1996); <u>United States v. Whitebird</u>, 55 F.3d 1007, 1011 (5th Cir. 1995); <u>United States v. Reddick</u>, 53 F.3d 462, 465 (2d Cir. 1995); <u>United States v. Evans</u>, 46 F.3d 1135, No. 94-2779, 1995 WL 46553 (8th Cir. 1995) (per curiam) (unpublished) (no abuse of discretion in refusing to appoint counsel in § 3582(c) proceedings).

Nor does Harris have a right to counsel under the Criminal Justice Act, which provides that "[a] person for whom counsel is appointed shall be represented at every stage of the proceedings from his initial appearance . . . through appeal, including ancillary matters appropriate to the proceedings." 18 U.S.C. § 3006A(c). Proceedings under § 3582(c)(2) are not ancillary matters for the purposes of § 3006A(c) because such a motion is potentially far removed in time from the original sentencing and does not provide "a second opportunity to present mitigating factors to the sentencing judge, nor is it a challenge to the appropriateness of the original sentence." <u>Whitebird</u>, 55 F.3d at 1010–11; <u>accord</u> <u>Reddick</u>, 53 F.3d at 464–65. We therefore conclude that the district court did not abuse its discretion in denying Harris's motion for appointment of counsel. Moreover, we find that Harris was not prejudiced by this denial, since he received the maximum reduction in his sentence permitted by U.S.S.G. § 1B1.10.

Harris also argues that the district court erred by denying his request for a hearing. In <u>United States v. Starks</u>, 551 F.3d 839 (8th Cir. 2009), <u>cert. denied</u>, 2009 WL 1043901 (U.S. June 1, 2009) (No. 08-9839), we held that <u>Booker</u> did not render advisory the policy statement at U.S.S.G. § 1B1.10, which applies during a § 3582(c)(2) proceeding. That policy statement allows the district court to consider the sentencing factors at 18 U.S.C. § 3553(a) only "when making the decision whether to reduce a term of imprisonment as a result of the Sentencing Commission's lowering

of the range." <u>Id.</u> at 841.  Those factors do not allow the district court to impose a sentence that is less than the minimum of the amended guideline range, so it was not error for the court to refuse to hold an evidentiary hearing at which the defendant could present evidence supporting a sentence less than the minimum of the amended guideline range.  <u>Id.</u> at 843.  Likewise, because the district court in this case could not impose a sentence lower than the one stated in its preliminary order, it did not err by denying Harris's request for a hearing.

The amended judgment is affirmed.

_____